IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC LAMONT NEELEY, | ) | CASE NO. 5:03 CV 788 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NORMAN ROSE, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

**I. Introduction**

Petitioner Cedric Lamont Neely filed a petition for writ of habeas corpus challenging his state criminal conviction.[1] The State of Ohio retains custody of Neeley at the Richland Correctional Institution in Mansfield, Ohio, where Norman Rose serves as warden.[2]

Neeley's petition presents three grounds for relief. He first argues that the prosecution proffered an unconstitutional in-court identification at his trial.[3] Neeley's second and third grounds are similar, each arguing that his conviction violates due process because of insufficient evidence to support his conviction.[4]

---

[1] ECF # 1.

[2] ECF # 12 at 1.

[3] ECF # 1 at 5.

[4] *Id.* at 5-6.

Rose responds that Neeley has failed to comply with the one-year statute of limitations imposed upon state prisoners' habeas corpus petitions in 28 U.S.C. § 2244(d).[5] Rose further argues, in the alternative, that Neeley procedurally defaulted each of the three grounds for relief for failure to properly present those grounds on one full round of appeal in state court.[6]

The Magistrate Judge concludes that Neeley timely filed his petition but procedurally defaulted on the claims asserted therein. He, therefore, must recommend the dismissal of the petition with prejudice.

## II. Background

Neeley was indicted on charges of aggravated robbery and possessing a firearm while under a disability.[7] Based on the evidence at trial, the jury convicted Neeley of aggravated robbery with a firearm specification.[8] Neeley pled guilty to possessing a firearm under a disability.[9] The trial court sentenced Neeley to a term of five years for aggravated robbery, a consecutive three-year sentence for the firearm specification, and a concurrent 11-month sentence for weapons possession.[10]

---

[5] ECF # 12 at 5.

[6] *Id.* at 8.

[7] ECF # 14, Ex. A.

[8] *Id.*, Ex. B.

[9] *Id.*, Exs. C and D.

[10] *Id.*, Ex. F.

Neeley appealed to the Fifth Judicial District Court of Appeals, raising three assignment(s) of error.[11] The appellate court denied Neeley's appeal on December 17, 2001.[12] Neeley failed to timely file a notice of appeal to the Supreme Court of Ohio, and on January 31, 2002, the 45 days provided Neeley to file that notice expired.[13] Neeley later filed a notice of appeal and motion for delayed appeal before the Supreme Court of Ohio on June 17, 2002.[14] The Supreme Court of Ohio denied the motion for delayed appeal in a journal entry on July 31, 2002.[15]

Neeley filed a petition for writ of habeas corpus in this Court on April 15, 2003.[16]

### III. Analysis

Rose aruges that Neeley's habeas corpus petition is untimely. In the alternative, Rose argues that Neeley procedurally defaulted each of his three grounds for habeas corpus relief. Each argument will be addressed in turn.

---

[11] *Id.*, Ex. H.

[12] *Id.*, Ex. J.

[13] *See* S. Ct. Prac. R. II § 2(A)(1)(a).

[14] ECF # 14, Exs. L, M.

[15] *Id.*, Ex. N.

[16] ECF # 1.

## A. Statute of limitations

The Antiterrorism and Effective Death Penalty Act, or AEDPA, instituted a one-year statute of limitations on all habeas corpus petitions.[17] If a petition is not timely filed, the district court must dismiss the petition for failure to comply with the statute of limitations. Rose argues that Neeley failed to file his petition for habeas corpus within one year after his state conviction became final.

The AEDPA's one-year statute-of-limitations period begins to run from the latest of one of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[18]

Neeley does not argue that the State impeded his federal habeas corpus petition, nor does he argue that newly decided Supreme Court precedent applies to his petition. Finally, Neeley does not allege that he discovered the factual predicate of any claims presented after his conviction became final. Therefore, § 2244(d)(1)(A) applies to his petition – the statute

---

[17] 28 U.S.C. § 2244(d)(1).

[18] *Id*.

of limitations began to run when the time for seeking direct review of his conviction expired.[19]

Neeley filed his petition for habeas corpus relief within the one-year statute of limitations. The state court of appeals affirmed Neeley's conviction on December 17, 2001.[20] Neeley's conviction became final on January 31, 2002 when Neeley failed to file a notice of appeal with the Supreme Court of Ohio within 45 days of the appellate court's journalization of its opinion.[21] The statute of limitations on his habeas corpus petition then began running for 137 days, until June 17, 2002, when Neeley filed a motion for delayed appeal with the Supreme Court of Ohio.[22] The Supreme Court of Ohio dismissed Neeley's delayed appeal with a journal entry on July 31, 2002.[23]

Although Neeley did not seek review in the Supreme Court of the United States, under § 2244(d)(1), the one-year statute of limitations began to run again when the 90-day period during which he could have sought certiorari in the Supreme Court expired on October 21, 2002.[24] He filed this habeas corpus petition April 15, 2003, or 176 days after the

---

[19] *Id.*

[20] ECF # 14, Ex. J.

[21] S. Ct. Prac. R. II § 2(A)(1)(a); *State ex rel. LTV Steel v. Gwin*, 64 Ohio St. 3d 245, 249-50, 594 N.E.2d 616, 620 (1992).

[22] ECF # 14, Ex. L.

[23] *Id.*, Ex N.

[24] *Abela v. Martin*, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

end of that 90-day period when he could have sought certiorari in the United States Supreme Court.

Thus, Neeley's one-year statute of limitations ran for a total of 313 days before he filed this habeas corpus petition. The petition is timely.

**B.     Procedural default**

The Supreme Court of Ohio refused to consider the federal constitutional claims raised in this petition because Neeley failed to file a timely appeal and was denied leave to file a delayed appeal. When the state court decides claims based on a procedural rule, the Sixth Circuit requires the application of the four-part test adopted in *Maupin v. Smith*[25] to determine whether a habeas corpus petitioner has procedurally defaulted his claims in federal court:

- Is there a procedural rule that is applicable to the petitioner's claim, and further, did the petitioner fail to follow that rule?

- Did the state court enforce the procedural rule?

- Is the state procedural rule an adequate and independent state ground to foreclose federal relief?

- Once procedural default has been found, has the petitioner shown cause for his failure to follow the procedural rule and demonstrate how he was prejudiced by the constitutional error?[26]

The Court will, therefore, analyze the Supreme Court's dismissal of Neeley's claims under the *Maupin* factors to determine if it should consider those claims on the merits.

---

[25] *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

[26] *Id.* at 138.

*1.     Neeley failed to follow a state procedural rule.*

Ohio Supreme Court Rule of Practice II § 2(A)(1)(a) gives a criminal defendant 45 days from the date of journalization of an adverse decision in the court of appeals to file a notice of appeal.[27]  The court of appeals journalized its decision affirming Neeley's conviction on December 17, 2001.[28]  Under the Supreme Court Rule, he had until January 31, 2002 to file his notice of appeal.  Neeley failed to do so.  He made no effort to appeal to the Ohio Supreme Court until June 17, 2002, when he moved for a delayed appeal.[29]  He did not, therefore, comply with the Ohio Supreme Court's rule governing the timely filing of notices of appeal.

*2.     The state court enforced the procedural rule.*

In *Bonilla v. Hurley,*[30] the Sixth Circuit held that when the Ohio Supreme Court denies a motion to file a delayed appeal, it enforces the procedural requirement for timely appeals set out in Rule of Practice II § 2(A)(1)(a).[31]  Here, the Ohio Supreme Court enforced its rule on timely appeals by denying Neeley's motion for a delayed appeal.[32]

---

[27] S. Ct. Prac. R. II § 2(A)(1)(a).

[28] ECF # 14, Ex. J.

[29] *Id.*, Ex L.

[30] *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).

[31] *Id.* at 497.

[32] ECF # 14, Ex. N.

### 3. *The procedural rule is adequate and independent.*

For purposes of the *Maupin* test for procedural default, a procedural rule is adequate if it is firmly established and regularly followed when applied.[33] The rule is independent if the state court relied on the rule to bar the claim at issue.[34]

The Sixth Circuit has held that the procedural bar to a review on the merits erected by the Ohio Supreme Court's denial of a motion for delayed appeal is an independent and adequate ground foreclosing federal habeas review.[35] Accordingly, the Supreme Court's denial of Neeley's motion for delayed appeal prevents this Court's review of the merits of his petition absent a showing of cause for the default and actual prejudice therefrom.[36]

### 4. *Neeley does not demonstrate cause and prejudice to excuse procedural default.*

"Since both cause and prejudice must be shown to excuse a procedural default, the failure to establish cause eliminates the need to consider prejudice."[37] Here, Neeley makes no argument, nor gives any reason, in his habeas petition why he could not timely file a notice of appeal and memorandum in support of jurisdiction to the Supreme Court of Ohio within the required time.

---

[33] *Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004).

[34] *Id.*

[35] *Bonilla*, 370 F.3d at 497.

[36] *Id.*

[37] *Id.*, citing *Murray v. Carrier*, 477 U.S. 478, 494-95 (1986).

However, Neeley asserted in his motion for delayed appeal filed with the Ohio Supreme Court that he relied upon his co-defendant's attorney to perfect the state appeal and that he found out, after the period for timely appeal had passed, that this attorney had not done so, allegedly because this attorney had requested an additional retainer.[38] The Magistrate Judge will examine this alleged reliance as a basis for cause to excuse procedural default.

This is not a case of ineffective assistance of counsel, since the only attorney involved appears to have been representing Neeley's co-defendant and not Neeley himself.[39] Neeley unwisely chose to rely on another's attorney to protect his rights in a timely manner and did not discover that his reliance was misplaced until after the time for appeal had elapsed.

"'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule."[40] The failure of some third party, not Neeley's own attorney, to timely file an appeal does not here constitute "something external to petitioner" since that failure to timely file is the direct consequence of Neeley's own decision to rely on someone else to protect his rights. "If such

---

[38] ECF # 14, Ex. M.

[39] *Id.* ("The appeals atty. that represented appellants (sic) co-defendant had left the impression up on (sic) appellant that if the appeals court did not grant the appeal he would persue (sic) the issues. Appellant later found out his co-defendants (sic) atty. requested retainment (sic) fee prior to proceeding any further.")

[40] *Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original)).

reliance constitutes 'cause,' then arguably, there is no hope for the concept of finality."[41]

Therefore, Neeley has not demonstrated cause for his default, and, in the absence of cause, there can be no resulting prejudice.[42]

### IV. Conclusion and Recommendation

Neeley's timely-filed claims for habeas corpus relief are procedurally defaulted and the petition should be dismissed with prejudice.


Dated: February 3, 2006                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge


### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[41] *C.f.*, *Shorter v. Ohio Dept. of Rehab. & Corrs.*, 180 F.3d 723, 726 (6th Cir. 1999) (electing to mail brief to the Ohio Supreme Court rather than hand-delivering it was not cause for untimely filing).

[42] *Murray*, 477 U.S. at 494-95.

[43] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).